Danny Lucero
CDCR No. J51467
Correctional Training Facility
P.O. Box: 689
Soledad, Ca. 93960

**PLAINTIFF IN PRO SE**

FILED

MAY -2 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Danny Lucero

      Plaintiff,

vs.

RALPH DIAZ, ACTING SECRETARY,
CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION;

KATHLEEN ALLISON, ACTING
UNDERSECRETARY, CALIFORNIA
DEPARTMENT OF CORRECTIONS AND
REHABILITATION;

CRAIG KOENIG, ACTING WARDEN,
CORRECTIONAL TRAINING FACILITY.
      Defendants

Case No.: CV 19 - 2397 JSW

(PR)

**PLAINTIFF'S EX PARTE EMERGENCY
MOTION FOR A TEMPORARY
RESTRAING ORDER AND A
PRELIMINARY INJUNCTION.**

<u>**PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR A**</u>

<u>**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**</u>

Plaintiff, Danny Lucero, pursuant to Rule 65 of the Federal Rules of Civil

PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR A TEMPORARY RESTRAING ORDER AND A
PRELIMINARY INJUNCTION. - 1

Procedure, moves the Court for entry of a Temporary Restraining Order and Preliminary Injunction enjoining defendants Diaz, Allison, Koenig, and all persons acting on their behalf, from, pending entry by the Court of a final judgment in this action.

This motion is based on the following grounds:

1. With this motion for a TRO, Plaintiff filed a Verified Complaint ("complaint") alleging that Defendants herein have ordered and plan to merge Plaintiff who is a GP prisoner with SNY prisoners and/or Security Threat Group (STG) Fresno Bulldogs.

2. Unless enjoined by this Court, Plaintiff will suffer irreparable injury if the merge is allowed to take place. This Court, the 9th Circuit, the U.S. Supreme Court, and Defendants own policies acknowledge the substantial risk of violence and harm that is inherent in placing such prisoners together. The fact that violence has occurred during almost every single attempt to merge such prisoners together, supports such a high probability and substantiates such a serious risk of violence and harm.

3. Plaintiff herein asserts that because the action complained of within his verified complaint is so imminent, immediate and irreparable injury will result to Plaintiff before the Defendants can be heard in opposition to this motion. As such, Plaintiff should not be required to give notice of this motion at this juncture of the litigation.

4. There is a substantial likelihood that Plaintiff will establish at trial that the Defendants in this case are acting with deliberate indifference to Plaintiff's Eighth Amendment right to be free from dangerous conditions and attacks from other inmates. This is supported by the attached Declarations, Exhibits and Memorandum of Law in support of hereto.

5. A Temporary Restraining Order is necessary to preserve the status quo, to prevent the

irreparable injury to the public that such merging of SNY and/or STG Fresno Bulldogs with GP prisoners would cause to the families of such prisoners as declared by the attached Declaration of Kim McGill hereto. Wherefore, granting the requested preliminary relief will serve the public interest. Any harm to Defendant from enjoining the merging of the SNY and/or STG Fresno Bulldogs with GP yards is significantly outweighed by the injury threatened to Plaintiff. Defendants sole reason for this merge is to "expand incentives to positive programming" (see Exhibit 'B' attached hereto). This merge is not based on any overpopulation, expenses or safety and security concerns and would not alter the status quo that preceded this pending litigation. This Court has authority under its inherent equitable power to grant interim injunctive relief where plaintiffs face either irreparable injury or imminent retaliation.

Moreover, District Courts have the discretion to waive the posting of bond by an impoverished plaintiff, especially when doing so would function to bar poor people from obtaining judicial redress. This Emergency Motion is supported by a concurrently filed Memorandum of Law in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and including the attached Declaration of Plaintiff and Kim McGill.

WHEREFORE, Plaintiff prays that the Defendant and all persons acting on its behalf be enjoined from merging the SNY and/or STG Fresno Bulldogs with GP prisoners at Correctional Training Facility, pending entry by the Court of a final judgment in this action.

Dated: _4- 5-19_

Respectfully submitted,

Danny Lucero, Plaintaiff in Pro Se.

1
2   Danny Lucero
    CDCR No. J51467
3   Correctional Training Facility
    P.O. Box: 689
4   Soledad, Ca. 93960

5   **PLAINTIFF IN PRO SE**

6                **UNITED STATES DISTRICT COURT**

7            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9   Danny Lucero

10                                          | Case No.:
11          Plaintiff,

12   vs.                                    | **MEMORANDUM OF LAW IN SUPPORT**
                                            | **OF PLAINTIFF'S MOTION FOR A**
13                                          | **TEMPORARY RESTRAINING ORDER**
     RALPH DIAZ, ACTING SECRETARY,          | **AND PRELIMINARY INJUNCTION.**
14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND REHABILITATION;
15
     KATHLEEN ALLISON, ACTING
16   UNDERSECRETARY, CALIFORNIA
     DEPARTMENT OF CORRECTIONS AND
17   REHABILITATION;

18   CRAIG KOENIG, ACTING WARDEN,
19   CORRECTIONAL TRAINING FACILITY

20          Defendants.

21

22

23                **STATEMENT OF THE CASE**

24          This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoner

25   whose being placed in dangerous conditions of confinement which poses a serious risk to his

26   safety. Plaintiff seeks a Temporary Restraining Order and a Preliminary Injunction to ensure that

27   his safety and well-being stays protected.

28

## STATEMENT OF FACTS

As stated in the declarations and Plaintiff's verified complaint submitted with this motion, Defendants herein are attempting to merge/mix General Population prisoners with the Sensitive Needs prisoners and/or Security Threat Group (STG) Fresno Bulldogs at Correctional Training Facility. This has resulted in serious injuries and death.

## ARGUMENT

## I. PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a Temporary Restraining Order or a Preliminary Injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

### A. The Plaintiff is Threatened with Irreparable Harm

Plaintiff alleges that by merging the Sensitive Needs Yard and/or STG Fresno Bulldogs prisoners with the General Population prisoners at the institution he is confined is a "failure of prison officials to protect inmates from attacks by other inmates" and from "dangerous conditions" which is a clear violation of the Eight Amendment (*Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994)). It is well known, and well documented, that housing prisoners with safety concerns, such as Sensitive Needs prisoners (prisoners who are gang drop-outs, convicted of sex crimes, transgenders and informants) and STG Fresno Bulldogs with General Population prisoners, creates an excessive risk of assault or death. The courts have also long recognized this (see e.g., *Bylery v. Deputy Warden*, 246 Fed. Appx. 512 (9th Cir. 2007);

*Glick v. Walker,* 272 Fed. Appx. 514 (7th Cir. 2008); *Jones v. Blanas,* 393 F. 3d 918, 923 (9th Cir. 2004)).

Moreover, as a result of such recent merges/mixing of such prisoners, there has been a prevalence of assaults that have took place. As such, these Defendants are well aware of such a substantial and pervasive risk of harm and therefore are acting with deliberate indifference when authorizing and conducting such merges/mixes of such prisoner populations and "[A] prisoner need not wait until he is actually assaulted to state a claim for and obtain relief" *Farmer,* 511 U.S at 845. Because these Defendants have stated that such merge/mix shall take place at Plaintiff's institution and specific housing unit (see attached Declaration of Danny Lucero as Exhibit 'C'), he is threatened with such irreparable harm.

### B. The Balance of Hardships Favors the Plaintiff

In deciding whether to grant TRO's and Preliminary Injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted (see e.g., *Mitchell v. Cuomo,* 748 F. 2d 804, 808 (2nd Cir. 1984) (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns); *Duran v. Anaya,* 642 F. Supp. 510, 527 (D.N.M. 1986) (holding that prisoners' interest in safety and medical care outweighed state's interest in saving money by cutting staff)).

In this case, the potential harm to Plaintiff if he is merged or mixed as described above, is imminent, life threatening and irreparable. The sufferings Defendants will experience if the court grants the order will consist of maintaining the status quo. These different populations of prisoners have been separated for well over two decades and was always promoted by CDCR (see e.g., *Madrid v. Gomez,* 889 F. Supp. 1146, 1241 (N. D. Cal. 1995) (requiring validated

SHU prisoners to "drop-out" and "debrief", become prison informants, thereby becoming Sensitive Needs prisoners whose lives are in serious danger)). Therefore, Defendants will not suffer if the motion for a TRO and Preliminary Injunction is granted.

### C.  Plaintiff is Likely to Succeed on the Merits

Plaintiff has a great likelihood of success on the merits. What Defendants are doing, mixing protective custody (Sensitive Needs) prisoners and/or STG Fresno Bulldogs with General Population prisoners, has been specifically singled out by the United States Supreme Court as an example of unconstitutional "deliberate indifference" to prisoners' Eighth Amendment right to be reasonably protected from the constant threat of violence and assault by other inmates or from dangerous conditions at the prison and need not wait until an assault occurs to obtain relief (*Farmer v. Brenan,* 511 U.S. 825, 833-834 (1994)). The Ninth Circuit has also held such similar conduct to state and Eighth Amendment claim for failure to protect (see e.g., *Robinson v. Prunty,* 249 F. 3d. 862, 866-867 (9th Cir. 2001); and *Hearns v. Terhune,* 413 F. 3d. 1036, 1040-1042 (9th Cir. 2005)).

Moreover, the Defendants actions as claimed herein, meet the standard for deliberate indifference as these Defendants have long been aware of the substantial risk of serious harm that exists in placing any protected custody (Sensitive Needs) prisoner and/or STG Fresno Bulldogs with General Population prisoners and are blatantly choosing to disregard it.

The memorandums Defendants authored, the statements made and the subsequent assaults that have already occurred as a result of such mixing of prisoners, clearly prove such callous disregard and further support Plaintiff's case.

### D. The Relief Sought Will Serve the Public Interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution. As submitted to this court, the Declaration of Kim McGill further supports the public interest, as over 3,000 family members impacted by the merging of SNY prisoners with GP prisoners, have signed a petition and held numerous public demonstrations against such merging by Defendants. Wherefore, it is clear that the public interest would best be served by the granting of such requested relief.

## II. THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

Usually a litigant who obtains interim injunctive relief is asked to post security (Rule 65(c), Fed. R. Civ. Pro.). However, Plaintiff is an indigent prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security (see e.g., *Elliot v. Kiesewetter*, 98 F. 3d. 47, 60 (3rd Cir. 1996) (stating that district courts have discretion to waive the bond requirement contained in Rule 65(c) if the balance of the equities weighs overwhelming in favor of the party seeking the injunction); *Moltan Co. v. Eagle-Pitcher Industries, Inc.*, 55 F. 3d. 1171, 1176 (6th Cir. 1995) (in view of the serious danger confronting the Plaintiff, the court should grant the relief requested without requiring the posting of security)).

Plaintiff should also be allowed such temporary relief without exhaustion of administrative remedies to avoid irreparable harm. As stated within Plaintiff's verified complaint, he and other prisoners attempted to file a group grievance with prison officials in regard to this issue, however, it was rejected on the basis that a prisoner can not appeal a matter that has yet to take place. This is contrary to the U.S. Supreme Court's ruling that "a prisoner need not wait

1   until he is actually assaulted to state a claim and obtain relief" (*Farmer,* 511 U.S. at 845).

2   Moreover, under the Prisoner Litigation Reform Act, courts retain their traditional equitable

3   discretion to grant temporary relief to maintain the status quo pending exhaustion (see e.g.,

4

5   *Stringham v. Bick,* 2008 WL 4145473, *4 (E.D. Cal. Sept. 3, 2008)).

6

7                            **CONCLUSION**

8         For the foregoing reasons, the court should grant the motion in its entirety.

9   Dated:   4 - 5 - 19

10

11                             Respectfully Submitted,

12

13                           *Danny Lucero*

                        Danny Lucero, Plaintaiff in Pro Se.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28